1/30/2020 12:42 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-000577**
**Victoria Benavides**

**CAUSE NO.** D-1-GN-20-000577
_____

| | | |
|---|---|---|
| **MICHAEL EDWARDS,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | 345th ___ **JUDICIAL DISTRICT** |
| | § | |
| **DOLLAR TREE STORES, INC.,** | § | |
| *DEFENDANT* | § | **TRAVIS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES MICHAEL EDWARDS,** hereinafter referred to by name or as Plaintiff, and complains of **DOLLAR TREE STORES, INC.,** hereinafter referred to by name, "DOLLAR TREE", or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.  Plaintiff **MICHAEL EDWARDS** is an individual residing in Travis County, Texas.

3.  Defendant **DOLLAR TREE STORES, INC.** may be served with citation by serving its registered agent for service of process, Corporation Service

Unofficial Copy

EXHIBIT B

Company d/b/a Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION & VENUE

4.   Venue is proper in Travis County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE and 15.036; Texas Bus. & Com. Code § 17.56 because it is the county in which the cause of action occurred; and pursuant to Texas Insurance Code Article 5.06-1(8).

5.   Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff **MICHAEL EDWARDS** is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IV.
## FACTS

6.   On or about September 11, 2019, Plaintiff **MICHAEL EDWARDS** was a patron at the DOLLAR TREE located at 5425 N. IH-35, Austin, Texas 78723. Further, Defendant **DOLLAR TREE** was responsible, maintained, owned, and assumed control of the premises located at 5425 N. IH-35, Austin, Texas 78723. As such Plaintiff was a business invitee to whom Defendant owed a duty of care to protect him from injury. As Plaintiff was shopping in the frozen section of the store, Plaintiff was struck in his back by a supply cart pushed by the store

---

Unofficial Copy

EXHIBIT B

manager, Josh. The store manager then apologized and stated that he was "looking down and did not see" the Plaintiff. There were no warning signs present at the location during the time of this incident and no verbal warnings were given by DOLLAR TREE employees as to this dangerous condition of the aisle to any customers. As a result, Plaintiff sustained injuries to his body, as more fully set forth below. The unreasonably dangerous condition resulting from the improperly maintained aisles on Defendant's premises proximately caused the Plaintiff's injuries and the need for medical treatment she subsequently received. The floor of the DOLLAR TREE premises at 5425 N. IH-35, Austin, Texas 78723 was overseen and operated by Defendant **DOLLAR TREE** at the time of the incident in question.

7.     Defendant breached the duty of care it owed to Plaintiff as a business invitee and was both negligent and grossly negligent in its failure to exercise ordinary care in the safety of Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

## V.
## CAUSES OF ACTION – DEFENDANT DOLLAR TREE STORES, INC.

**A.     PREMISES LIABILITY**

8.     At all times mentioned herein, Defendant was the possessor of the premises, was in exclusive control of the instrumentalities that caused Plaintiff's injuries,

Unofficial Copy

EXHIBIT B

and employed persons responsible for inspecting, cleaning, and making safe the floor of the premises at DOLLAR TREE.

9.    The occurrence made the basis of this lawsuit as referred to in Paragraph 6, and Plaintiff's resulting injuries and damages were proximately caused by the negligent and/or grossly negligent conduct of the Defendant in that Defendant's employees violated a duty which Defendant owed to Plaintiff to exercise ordinary care in the operation of DOLLAR TREE, in one or more of the following particulars:

   a.   In failing to maintain the premises safe for invitees, such as Plaintiff;

   b.   In failing to inspect the premises floor for liquids or food;

   c.   In failing to mop the premises floor to remove liquids or food;

   d.   In failing to warn of the presence of slippery substances on the premises floor;

   e.   In failing to provide a verbal warning of the liquids or food's whereabouts on the premises floor, and its proximity to Plaintiff; and

   f.   In failing to act as a reasonably prudent premises owner/operator would have under the same or similar circumstances.

10.   At all times material hereto, Defendant's employees were acting within the course and scope of their employment with Defendant. That is, Defendant's employees were acting in the service of Defendant, with the understanding, express or implied, that Defendant had the right to direct the details of the work being performed by the employees on the occasion in question. As

Unofficial Copy

EXHIBIT B

such, Defendant is vicariously liable for the negligence of Defendant's employees on the occasion in question, under the doctrine of *respondeat superior.*

**B.    NEGLIGENT HIRING, SUPERVISING, AND RETENTION**

11.    Pleading further, Plaintiff would show that the occurrence made the basis of this lawsuit as referred to in Paragraph 6, and Plaintiff's resulting injuries and damages were proximately caused by the negligent and/or grossly negligent conduct of Defendants, in that Defendants violated a duty which Defendants owed to Plaintiff to exercise ordinary care in one or more of the following particulars:

a.  In negligently hiring their employees;

b.  In negligently training their employees;

c.  In negligently supervising their employees; and

d.  In negligently permitting liquids or food to remain on the premises floor by their employees, in such a manner that would result in the foreseeable injury or death of third parties, including invitees such as Plaintiff.

12.    Each of these acts and/or omissions, singularly or in any combination with others, constituted negligence and/or gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

**C.    GROSS NEGLIGENCE**

---

Unofficial Copy

EXHIBIT B

13.  The above-referenced acts and/or omissions by Defendant **DOLLAR TREE STORES, INC.** constitute gross negligence and/or malice as those terms are defined in SECTION 41.001(7)(A) AND 41.001(11) OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant **DOLLAR TREE STORES, INC.** was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

14.  Defendant **DOLLAR TREE STORES, INC.'s** acts or omissions described above, when viewed from the standpoint of Defendant **DOLLAR TREE STORES, INC.** at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

15.  Defendant **DOLLAR TREE STORES, INC.** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

16.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

Unofficial Copy

EXHIBIT B

## VI.
## DAMAGES

17.     As a direct and proximate result of the fall and the negligent conduct of the

Defendant, Plaintiff **MICHAEL EDWARDS** suffered bodily injuries to his back,

neck, and shoulder as reflected in the medical records from the health care

providers that have treated the injuries since the incident made basis of this

lawsuit.  The injuries may be permanent in nature. The injuries have had an

effect on the Plaintiff's health and well-being.  As a further result of the nature

and consequences of his injuries, the Plaintiff has suffered and may continue

to suffer into the future, physical pain, and mental anguish.

18.     As a further result of all of the above, Plaintiff has incurred expenses for his

medical care and attention in the past and may incur medical expenses in the

future to treat his injuries.

19.     By reason of all of the above, Plaintiff has suffered losses and damages in a

sum within the jurisdictional limits of this Court for which she now sues.

## VII.
## INTEREST

20.     Plaintiff further requests both pre-judgment and post-judgment interest on all

his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

21.     In  accordance  with  RULE  216  OF  THE  TEXAS  RULES  OF  CIVIL

PROCEDURE, Plaintiff hereby make an application for a jury trial and request

Unofficial Copy

EXHIBIT B

that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment this date of the required jury fee

## IX.
## REQUEST FOR DISCLOSURE

22.    Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

23.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## ATTACHED DISCOVERY

24.    Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendant are requested to answer/respond within fifty (50) days of service hereof:

    a.    Plaintiff's First Set of Interrogatories to DOLLAR TREE STORES, INC.
    b.    Plaintiff's First Requests for Production to DOLLAR TREE STORES, INC.
    c.    Plaintiff's First Requests for Admissions to DOLLAR TREE STORES, INC.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address

Unofficial Copy

EXHIBIT B

for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: snguyen-svc@thomasjhenrylaw.com.   This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Exemplary damages;

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**

---

Unofficial Copy

EXHIBIT B

521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600;   FAX: (361) 985-0601

BY: _____

STEVEN T. NGUYEN
STATE BAR NO. 24096353
*email: snguyen-svc@thomasjhenrylaw.com
ATTORNEY FOR PLAINTIFF

* **service by email to this address only**

---

*MICHAEL EDWARDS V. DOLLAR TREE, INC.*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

Unofficial Copy

EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL EDWARDS,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **DOLLAR TREE STORES, INC.,** | § | |
| *DEFENDANT* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT DOLLAR TREE STORES, INC.

**TO:** **DEFENDANT DOLLAR TREE STORES, INC.** may be served with citation by serving its registered agent for service of process, Corporation Service Company d/b/a Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

_____
Steven T. Nguyen
State Bar No. 24096353
*E-mail: snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
* Service to this e-mail address only

Unofficial Copy

EXHIBIT B

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

Unofficial Copy

EXHIBIT B

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.  "Identify" or "Identification":

    a.  When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    b.  When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.  When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.    the title, heading, or caption, if any, of such document;

        ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

Unofficial Copy

EXHIBIT B

vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

vii.    the physical location of the document and the name of its custodian or custodians.

"**The incident**" or "**the accident**" or "**occasion in question**" or "**occurrence in question**" or "**incident in question**", as used herein, refers to the occurrence made the basis of this lawsuit.

6.    "Settlement": as used herein, means:

a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.    Any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The incident" as used herein refers to the incident made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the incident made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

---

Unofficial Copy

EXHIBIT B

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **September 11, 2019**, through the date of production of responses requested herein.

Unofficial Copy

EXHIBIT B

## FIRST SET OF WRITTEN INTERROGATORIES

**INTERROGATORY 1:** To the individual answering these interrogatories on behalf of Defendant, please state, your name, address, job title, and position.

**ANSWER:**


**INTERROGATORY 2:** If you contend that you are not liable in the name or in the legal capacity in which you have been sued, or that there is a defect of parties, or a defect in the names of any party to this suit, identify all correct parties known to you and state briefly the facts that support your contention.

**ANSWER:**


**INTERROGATORY 3:** State each act and/or omission on the part of the Plaintiff which caused or contributed to the incident made basis of this lawsuit made the basis of this lawsuit. For each such act and/or omission, state whether you witnessed such act and/or omission personally, or whether you heard or learned of such act and/or omission from another person or source. If you heard or learned of such act and/or omission from another person or source, identify each person or source from whom you heard or learned of such information.

**ANSWER:**


**INTERROGATORY 4:** State each factor which you believe contributed to this incident made basis of this lawsuit including, but not limited to, acts or omissions of negligence of another person or entity or any potential Third-Party Defendant; sudden emergency(ies); factors that made this incident an unavoidable incident. For each factor you identify, state how each such factor contributed to this incident made basis of this lawsuit.

**ANSWER:**


**INTERROGATORY 5:** State all pre-existing physical or medical condition(s) of each Plaintiff which you now contend and/or will contend at trial caused or contributed to the Plaintiff's damages.

**ANSWER:**

Unofficial Copy

EXHIBIT B

**INTERROGATORY 6:** Identify the Risk Manager for the DOLLAR TREE at 5425 N. IH-35, Austin, Texas 78723 where the incident made the basis of this lawsuit occurred.

**ANSWER:**

**INTERROGATORY 7:**  Were any inspections performed by the Defendant, or any other person, company, or entity, for the purpose of determining whether the floor at the DOLLAR TREE at 5425 N. IH-35, Austin, Texas 78723 in question was reasonably safe for its intended use and/or any misuse foreseen by you? If so, please set forth:

  a. A description of each such inspection conducted and the dates of the same;
  b. A description of any written protocol or format pertaining to each such test or inspection;
  c. The means by which such test or inspection was evaluated;
  d. The results of any such inspection;
  e. The names, address, and phone number of the person or persons responsible for conducting the inspections and/or interpreting the results, or who have possession of the files.

**ANSWER:**

**INTERROGATORY 8:** Identify the Risk Manager for the DOLLAR TREE at 5425 N. IH-35, Austin, Texas 78723 where the incident made the basis of this lawsuit occurred.

**ANSWER:**

**INTERROGATORY 9:**  Do you have a video tape(s)/photographs of the incident in question? If so, identify the person(s) who is responsible for maintaining possession of such tape/photograph on behalf   of the DOLLAR TREE at 5425 N. IH-35, Austin, Texas 78723.

**ANSWER:**

**INTERROGATORY 10:**  Please identify and describe in detail any previous slip and falls at the DOLLAR TREE at 5425 N. IH-35, Austin, Texas 78723, which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation during the part five (5) years to present.

**ANSWER:**

**INTERROGATORY 11:** Please describe any and all training, instructions, and/or warnings given to employees, servants, workers, or contractors of Defendant, prior to the incident relating to inspections or maintenance of the premises.

Unofficial Copy

EXHIBIT B

**ANSWER:**

**INTERROGATORY 12:** State the name, address, and telephone number of
- a.      The manager of the premises on the date of the incident;
- b.      The employee in charge of the area where the incident happened;
- c.      Any employees of Defendant who spoke to Plaintiff or anyone with Plaintiff; and
- d.      All employees who witnessed any part of the incident.

**ANSWER:**

**INTERROGATORY 13:**  State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s), or limit(s) of coverage, which apply to such incident(s). Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

**ANSWER:**

Unofficial Copy

EXHIBIT B

## VERIFICATION

**THE STATE OF** _____ §

§

**COUNTY OF** _____ §

     **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.

_____
**Signature**

_____
**Print**

**THE STATE OF** _____ §

§

**COUNTY OF** _____ §

     **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

     **SUBSCRIBED AND SWORN TO on the** _____ **day of** _____, **2018.**

_____
My Commission Expires: _____

**Notary Public, State of Texas**

Unofficial Copy

EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL EDWARDS,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **DOLLAR TREE STORES, INC.,** | § | |
| *DEFENDANT* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT DOLLAR TREE STORES, INC.

**TO:** **DEFENDANT DOLLAR TREE STORES, INC.** may be served with citation by serving its registered agent for service of process, Corporation Service Company d/b/a Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the

Unofficial Copy

EXHIBIT B

office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of

Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiff designates fifty (50) days after these requests for discovery and

inspection.  Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for

Production and Discovery are continuing in nature and require supplementation as soon

as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
521 Starr St.
Corpus Christi, Texas 78401
Tel.  (361)985-0600
Fax.  (361)985-0601

Steven T. Nguyen
State Bar No.:  24096353
E-mail: * snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**
*  Service to this e-mail address only.

---

Unofficial Copy

EXHIBIT B

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2. As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

Unofficial Copy

EXHIBIT B

3.  In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.  "Identify" or "Identification":

    a.  When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    b.  When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.  When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.    the title, heading, or caption, if any, of such document;

        ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

---

Unofficial Copy

EXHIBIT B

vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

vii.   the physical location of the document and the name of its custodian or custodians.

"**The incident**" or "**the accident**" or "**occasion in question**" or "**occurrence in question**" or "**incident in question**", as used herein, refers to the occurrence made the basis of this lawsuit.

6.   "Settlement": as used herein, means:

a.   An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.   Any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

c.   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   "The incident" as used herein refers to the incident made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the incident made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

Unofficial Copy

EXHIBIT B

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **September 11, 2019**, through the date of production of responses requested herein.

---

Unofficial Copy

EXHIBIT B

## FIRST REQUEST FOR PRODUCTION

1. All photographs, video tapes, movies, and other graphic representations of the scene of the incident.

2. All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

3. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

4. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage. This request also includes documents that show the diminution, if any, in any policy limits based on the payment by your carrier(s) of any other claims related to this same occurrence in question.

5. All documents, records, notations, or memoranda relating to the repair and maintenance of the aisle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the incident.

6. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff(s).

7. All published documents, treatises, periodicals, pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

8. All documents, reports, publications, and regulations evidencing safety standards, laws,       regulations, ordinances, or industry standards which you now contend or will contend at      trial support any defensive theory.

9. Any and all trial exhibits.

10. Any and all demonstrative evidence you intend to utilize at trial.

11. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this

---

Unofficial Copy                                                    EXHIBIT B

lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

12. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff(s) and/or concerning the medical or physical condition of the Plaintiff(s) which are in the possession or constructive possession, custody, or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

13. A copy of all documents relating to any criminal records pertaining to Plaintiff(s) or any witnesses.

14. All investigations regarding this incident.

15. All medical records or other documents which you contend show pre-existing medical condition that you contend is relevant to the Plaintiff's claim.

16. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

17. Please produce any all written reports regarding the incident which forms the basis of this suit including any and all e-mails and text messages concerning this incident.

18. Produce copies of all correspondence or other communications from any other entity or persons regarding or referencing claims asserted by any such entity or person arising from the incident that forms the basis of this suit.

19. All documents showing any investigation of the incident made the basis of this lawsuit.

20. Any surveillance reports, investigative notes, photographs or videotapes taken of any Plaintiff at any time prior to trial.

21. Produce a copy of all medical records you have pertaining to any Plaintiff.

22. Produce a copy of all employment records you have pertaining to any Plaintiff.

23. Produce a copy of all documents showing any claim or reference to any bodily injuries made by any Plaintiff prior to the occurrence in question.

24. Produce a copy of all documents showing any bodily injury claims made by any Plaintiff for events occurring subsequent to the occurrence in question.

Unofficial Copy

EXHIBIT B

**25.** Produce a copy of all documents showing any prior injuries sustained by any Plaintiff that you claim are related to the injuries or damages being sought in this case by any Plaintiff.

**26.** Produce a copy of all documents showing subsequent injuries sustained any Plaintiff that you claim are not related to the incident in question.

**27.** All documents reference by you in your answers to any interrogatories.

**28.** All documents which reflect any other lawsuits or legal proceedings in which you have been a party. This includes copies of pleadings, court orders and judgments, correspondence, transcripts of depositions or trial testimony, exhibits, etc.

**29.** All documents and other tangible things comprising, reflecting, or otherwise commemorating any oral or written contract, understanding, or agreement between you and any other person concerning this lawsuit, including attorneys. This includes, without limitation, any partial settlements or releases of any of your claims; any "Mary Carter" agreements; any indemnity agreements; any understandings regarding allocation of jury strikes; any understandings regarding positions various parties may assert during pretrial discovery or at trial; and any other sort of contract, agreement, joint defense, or other understanding that relates directly or indirectly to this lawsuit.

Unofficial Copy

EXHIBIT B

## CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL EDWARDS** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **DOLLAR TREE STORES, INC.,** | § | |
| *DEFENDANT* | § | **TRAVIS COUNTY, TEXAS** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DOLLAR TREE STORES, INC.

**TO:**   **DEFENDANT DOLLAR TREE STORES, INC.** may be served with citation by serving its registered agent for service of process, Corporation Service Company d/b/a Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Pursuant to Rule 198, TEXAS RULES OF CIVIL PROCEDURE, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

**The Law Offices of Thomas J. Henry**
521 Starr St.

Unofficial Copy

EXHIBIT B

Corpus Christi, Texas 78401
Tel.  (361)985-0600
Fax.  (361)985-0601

_____

Steven T. Nguyen
State Bar No.: 24096353
E-mail: * snguyen-svc@thomasjhenrylaw.com
**Attorney for Plaintiff**

*  Service to this e-mail address only.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.     As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

Unofficial Copy                                                                                                           EXHIBIT B

3.     In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.     "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.     "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)     the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

Unofficial Copy

EXHIBIT B

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

(a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendant or between any Defendant herein whereby Plaintiff or Defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)    any resolution of the differences between the Plaintiff and Defendant by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendant.

(c)    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    The "incident" as used herein refers to the incident made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the incident made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unofficial Copy

EXHIBIT B

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **September 11, 2019,** through the date of production of responses requested herein.

Unofficial Copy

EXHIBIT B

## REQUESTS FOR ADMISSIONS

**1.** Admit that the Defendant was the owner of the premises on the date of the incident made the basis of Plaintiff's suit.

**ADMIT or DENY:**

**2.** Admit that  DOLLAR TREE STORES, INC. owns the property located at 5425 N. IH-35, Austin, Texas 78723

**ADMIT or DENY:**

**3.** Admit that Defendant did not have any warning signs providing notice to Plaintiff regarding the condition of the premises.

**ADMIT or DENY:**

**4.** Admit that the Plaintiff had entered upon the premises by your express invitation.

**ADMIT or DENY:**

**5.** Admit that the Defendant had not inspected and/or tested the premises on September 11, 2019 or never inspected the premise at all.

**ADMIT or DENY:**

**6.** Admit that Defendant improperly maintained the aisle way in question.

**ADMIT or DENY:**

**7.** Admit that the Defendant did not have boundaries or warning signs to protect the Plaintiff.

**ADMIT or DENY:**

**8.** Admit that the Defendant did not institute any training procedures of your employees with regard to the non-employee invitee's presence on the premises to prevent occurrences and/or incidents such as those made the basis of Plaintiff's suit.

**ADMIT or DENY:**

**9.** Admit that the Defendant had no warning signs or other tangible things on or near the premises at the time and date of the injury.

Unofficial Copy

EXHIBIT B

**ADMIT OR DENY:**

**10.** Admit that the Plaintiff was a business invitee of the Defendant on the date of the incident in question.

**ADMIT OR DENY:**

**11.** Admit that the Defendant sent an inspector to inspect the property located at 5425 N. IH-35, Austin, Texas 78723.

**ADMIT OR DENY:**

**12.** Admit that your responses herein are truthful.

**ADMIT OR DENY:**

Unofficial Copy

EXHIBIT B

2/21/2020 10:47 AM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-000577
Chloe Jimenez**

CAUSE NO. D-1-GN-20-000577

| | | |
|---|---|---|
| MICHAEL EDWARDS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DOLLAR TREE STORES, INC., | § | |
| *Defendant*. | § | 345TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DOLLAR TREE STORES, INC., Defendant in the above-entitled and numbered cause, and for answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1.      Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

### B.
### AFFIRMATIVE DEFENSES

2.      Defendant contends that the Plaintiff failed to use ordinary care for his safety and, therefore, the Plaintiff may have contributed to the incident in question.  In this regard, the Plaintiff failed to keep a proper lookout.  Thus, Defendant contends that the Plaintiff may have been the sole cause of the incident, or in the alternative, the

1

EXHIBIT B

Plaintiff's negligence should serve to reduce any recovery of the Plaintiff in proportion thereto.

3.      If Plaintiff is claiming loss of income or earning capacity, Defendant pleads the defense set forth in Tex. Civ. Prac. & Rem. Code Section 18.091, requiring Plaintiff to prove his loss or earnings and/or loss of earning capacity in the form which represents his net loss after reduction for income tax purposes or unpaid tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law.  Tex. Civ. Prac. & Rem. Code § 18.091.  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, are subject to federal and state income taxes.

4.      Additionally, to the extent Plaintiff's medical special damages exceed the amount actually paid on Plaintiff's behalf, Defendant asserts the statutory defense set forth in Section 41, et seq., of the Texas Civil Practice & Remedies Code.  Thus, the recovery of any medical or health care benefit is limited to the amounts actually paid or incurred by the Plaintiff or on the Plaintiff's behalf.

5.      Defendant further states that to the extent any of Plaintiff's medical treatment was not covered by a policy providing medical coverage, or that medical bills were not submitted to any policy of insurance covering Plaintiff, Defendant would contend that Plaintiff's lack of health care coverage required by law or Plaintiff's failing or refusing to submit medical bills for insurance payment constitutes a failure to mitigate damages.

EXHIBIT B

6.      Defendant specifically denies any allegations of gross negligence and entitlement to exemplary damages. In the unlikely event Defendant is found liable in this case, Defendant hereby claims the protections and defenses accorded them pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code, the due process clause of the Federal Constitution, and the 14th Amendment.

7.      Any damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001-.013 of the Texas Civil Practice & Remedies Code, and more specifically, the limit of liability, if any, should be in conformance with the amount set forth in §41.008, Texas Civil Practice & Remedies Code.

8.      Known, Open and Obvious; Assumption of Risk: In the alternative, Defendant would show that Plaintiff was negligent and/or assumed the risk, as that term is known in the law. Defendant contends that the conditions and any limitations that existed at the time of the incident in question, and about which Plaintiff complains, was known, open and obvious to the Plaintiff.

**C.**
**RIGHT TO SUPPLEMENT**

9.      Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

3

EXHIBIT B

**D.**
**DISCOVERY DOCUMENTS**

10.     By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

**E.**
**JURY DEMAND**

11.     Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, DOLLAR TREE STORES, INC., having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**GERMER, PLLC**

By: _____
        ROBIN N. BLANCHETTE
        State Bar No. 24045509
America Tower
2929 Allen Parkway, Suite 2900

4

EXHIBIT B

Houston, Texas  77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail:* rblanchette@germer.com

ATTORNEY FOR DEFENDANT,
DOLLAR TREE STORES INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by e-serve, on February 21, 2020, to the following counsel:

snguyen-svc@thomasjhenrylaw.com
Steven T. Nguyen
Law Offices of Thomas J. Henry
521 Starr St.
Corpus Christi, Texas 78401

ROBIN N. BLANCHETTE

EXHIBIT B